**In the Matter of the GRAND JURY EMPANELLED 12/16/77.**

**Misc. 77–171.**

United States District Court,
D. New Jersey.

March 12, 1979.

Robert J. Del Tufo, U. S. Atty., Newark, N. J., by Robert S. Bonney, Asst. U. S. Atty., Newark, N. J., for the United States.

Evans, Koelzer, Marriott, Osborne & Kreizman, by George J. Koelzer, Red Bank, N. J., for taxpayers/petitioners.

### OPINION

BIUNNO, District Judge.

This matter comes before the court on a petition by certain taxpayers for leave to intervene in the proceedings on order to show cause why a witness, called to appear and produce records by a Grand Jury subpoena, should not be held in contempt for his refusal to produce copies of federal tax returns required to be retained by him as a "tax preparer", see 26 U.S.C. § 7701(a)(36) and 26 U.S.C. § 6107 as amended.

The only question before the court is whether petitioners/taxpayers should be allowed to intervene in the contempt proceeding, which is pursuant to F.R.Crim.P. 17(g). The court is not aware of any motion by the witness to quash or modify the subpoena, as permitted by F.R.Crim.P. 17(c).

The pertinent facts, gathered from the petition to intervene and the accompanying brief, indicate that the witness is the accountant for taxpayers, and that he was served with a Grand Jury subpoena duces tecum to appear on a specified date and to produce enumerated documents. Among the documents specified were retained copies of federal tax returns, including final returns as well as those for F.I.C.A. withholdings and taxes, withheld income taxes, W–2 forms, 1097 and 1099 forms, and the like.

The witness informed taxpayers' attorney of the contents of the subpoena, and the attorney wrote the witness a letter express-

ing the opinion that under the Tax Reform Act of 1976, the tax returns and taxpayer information are not subject to production under the subpoena, and that for the witness to produce them would constitute a felony. The letter instructed the witness (on behalf of taxpayers) not to deliver the tax returns and taxpayer information either to the government or to the Grand Jury.

When the witness appeared before the Grand Jury, taxpayers say he produced all the documents requested except those objected to by the letter. As to those, it is said that the witness produced the letter. This history is taken from the petition and brief; the court has not had presented to it either a reading or a transcript of the record of the testimony of the witness before the Grand Jury. Presumably, that record will be presented to the court at the contempt hearing, and under the customary practice will be heard in camera and the record will be sealed in order to achieve the purposes of F.R.Crim.P. 6(e).

As noted above, the petition and brief for intervention are grounded on the Tax Reform Act of 1976, Pub.L. 94–455, approved October 4, 1976.

By § 1203 of that Act [90 Stat. 1688–9 and 26 U.S.C. § 7701(a)(36),] the term "income tax return preparer" means any person who himself or through others prepares for compensation any return, or any claim for refund, of any tax imposed by subtitle A.

By the same section of that Act (90 Stat. 1690–91 and 26 U.S.C. § 6107) an income tax return preparer must retain for 3 years a completed copy of the tax return or claim for refund, or else retain on a list the name and taxpayer identification number of the taxpayer for whom the return or claim was prepared, and is required to make the retained copy or the list available for inspection on request by the Secretary [of the Treasury].

■ Taxpayers refer to § 1202 of the Act [90 Stat. 1667 et seq., 26 U.S.C. § 6103] for the amended provisions on confidentiality, and especially to 26 U.S.C. § 6103(i), as amended. All of these provisions deal with confidentiality of the original returns as filed, and the last provision mentioned deals with access to the original returns in a "nontax criminal investigation".[1] Taxpayers are not entitled, on a petition to intervene, to discover whether the Grand Jury is conducting a tax criminal investigation or a nontax criminal investigation, or both. This would invade the Grand Jury room. Nor are taxpayers entitled to discover whether the Grand Jury already has the original return as filed and is interested in the question whether it is the same as the return that was prepared by the accountant.

In fact, it appears that the only provision in the Act dealing with third-party witnesses is § 1205 [90 Stat. 1699 et seq., 26 U.S.C. § 7609 as substituted]. That section deals only with the IRS administrative "summons", which is in the nature of an administrative subpoena, and can only be issued before referral of a tax case (for both civil and criminal aspects) by the Secretary of the Treasury to the Attorney General, 26 U.S.C. § 7122(a).

---

1. Congress set out entirely different provisions for disclosure of returns or return information to the Department of Justice (including U.S. attorneys) when the disclosure is in connection with a tax matter, including proceedings before a Federal grand jury. When the Secretary of the Treasury has referred the case to the Department of Justice, he may make the disclosure on his own motion. Otherwise, he is to make disclosure to the Department of Justice on written request from specified officials setting forth the need for the disclosure; no judicial order is required. In either case, disclosure is later permitted at the trial of a Federal Judicial proceeding (i. e., at trial), for indicated purposes. See § 1202 of the Act [90 Stat. 1674–5, 26 U.S.C. § 6103(h). It would be these provisions, rather than 26 U.S.C. § 6103(i), on which taxpayers rely, that would control if the Grand Jury investigation includes tax matters and it is desired to have disclosure of what was filed with IRS.

As observed in the opinion, none of these provisions apply to a Grand Jury subpoena to the tax return preparer to produce his retained copy, which may or may not be the same as what was filed.

■ While that section does provide for notice of issuance of the "summons" to the taxpayer, vests him with extra-judicial authority to stay compliance by the third-party witness for an indefinite period by merely notifying the witness in writing not to comply, and creates an absolute right to intervene in any ensuing civil action by the United States to obtain a court order to enforce compliance with the "summons", that entire mechanism has no application whatever to a Grand Jury subpoena in a criminal matter.[2]

■ Taxpayers also claim that compliance with the subpoena by the accountant will expose him to civil and criminal penalties under the Act. Whether this is so or not, the court need not consider or decide on the petition to intervene. Such questions can only be raised by the accountant/witness at the hearing on the return of the order to show cause why he should not be held in contempt.

■ Even in the case of an IRS "summons", it was ruled in *Donaldson v. U. S.,* 400 U.S. 517, 91 S.Ct. 534, 27 L.Ed.2d 580 (1971) that the question whether a taxpayer should be allowed to intervene in the civil enforcement proceeding against a third-party witness was entirely within the discretion of the enforcement court. This rule applies with greater force in the case of a Grand Jury subpoena. Congress has changed the rule in respect to intervention for the case of a civil enforcement action involving a civil IRS "summons", but it has significantly made no change in the law in respect to Grand Jury subpoenas. The Federal Rules of Civil Procedure do not apply to the pending contempt proceeding involving a Grand Jury subpoena.

All the objections raised by the petition to intervene are available to be raised by the accountant/witness on the return of the order to show cause why he should not be held in contempt. The accountant is represented by his own attorney, and such objections as may be raised will be heard and decided then. Nothing would be gained by intervention, and something may well be lost by way of penetration of the Grand Jury proceedings if it be granted. The petition for intervention by taxpayer is accordingly denied.

**2.** The most recent decision of the Supreme Court dealing with judicial proceedings to enforce an IRS administrative "summons", although decided after the enactment of the Tax Reform Act of 1976, involved an IRS "summons" issued before that enactment. Consequently, it did not deal with the mandatory intervention right created by that Act, nor did it deal with intervention in proceedings for contempt on a Grand Jury subpoena. It did mention that judicial enforcement of an IRS "summons" would be denied when taxpayer carries the very heavy burden of showing institutional bad faith of IRS in issuing the "summons" for the sole purpose of gathering evidence for a criminal charge, a function properly carried out by the Grand Jury subpoena. See, *U. S. v. La Salle Nat'l Bank,* 437 U.S. 298, 98 S.Ct. 2357, 57 L.Ed.2d 221 (1978).